UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ABDI ALI MUSE,                                                                                           Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:18-cv-9 -DJH

INTEGRITY STAFFING SOLUTION,                                                            Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Abdi Ali Muse filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 3), which is **GRANTED**. However, because the complaint fails to meet the pleading standards of Fed. R. Civ. P. 8(a), the action will be dismissed.

Plaintiff filed his complaint on the Court-approved general complaint form. Plaintiff completed the caption of the complaint and the section of the complaint titled "Parties to this Complaint." However, except for Plaintiff's signature, the remainder of the complaint form is blank.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint fails to meet this standard. He fails to set forth any jurisdictional basis for filing this case in federal court. He wholly fails to provide any

statement of his claim(s) or to ask for any relief. Plaintiff therefore fails to give Defendant "fair notice" of his claim(s) against it. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff fails to allege any jurisdictional basis, factual allegations, or demand for relief in his complaint, this action will be dismissed by separate Order for failure to meet the pleading standard in Fed. R. Civ. P. 8(a).

Date: January 19, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.011